[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter came to an hearing and trial on the allegations of a revised amended complaint dated April 9, 1992 to which a further amendment was allowed at the end of the trial wherein the claim for wages of the plaintiff was amended to conform to the proof offered CT Page 10051 and raised to $6,140.60. The defendant denied the material allegations of the complaint and filed a counter claim.
The claims of the plaintiff relate to an alleged oral contract of employment whereunder he was working for the defendant as sales manager of the latter's radio station.
The court finds that the testimony of both parties concur in that he was to be paid a salary of $100.00 per week plus commission of 20% of net income defendant derived from advertising sales. The basis of the commission payment is what forms the essentials of the dispute hereunder. In addition to the claim under the oral contract of employment, the plaintiff has filed a count claiming a violation of the Unfair Trade Practices Act. In connection with this count, the court finds that the Unfair Trade Practices Act does not apply to employment contracts and in any event, parenthetically, the evidence offered herein would be insufficient to provide a adequate basis to accord the plaintiff relief under said Act.
This court concludes based upon the relevant, credible and admissible evidence offered, that the claims of the defendant with respect to the terms of the employment agreement have been established. The evidence offered by the defendant in support of these claims including the records of compensation established by a fair preponderance that the compensation agreement called for $100.00 per week plus a commission to be paid on net sales, net sales being determined to be gross sales less any adjustments for delinquent accounts over 90 days or agency commissions. In addition, the court finds that the plaintiff was not entitled to any compensation after the date of his termination of employment, the claim for which was based upon ad sales made by him prior to termination. Credible and probative evidence indicated that the policy of the defendant's station was no compensation be paid a salesman for sales make prior to termination once that individual terminated, but that any successor would pick up such subsequent income and in turn be subject to the same restriction of and when he terminated employment with the defendant. It would appear this policy was to insure continuing and effective servicing of the advertising amounts of the defendant's station.
The court finds further that the evidence does not sustain the allegations of the defendant in connection with his counterclaim which in effect amounted to a set-off and accordingly judgment may enter in favor of the plaintiff on the counterclaim and judgment CT Page 10052 may enter in favor of the defendant on the complaint. It is to be noted herein that the plaintiff withdrew the counts as to the defendant Ida Raycee.
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk